In a stockholder’s derivative action, the plaintiff owns one half the issued and outstanding shares of capital stock of the subject corporation, and the two individual defendants together own the remaining one half. The business of the corporation is that of the sale of furniture and appliances at retail and, since its inception, in 1944, has been conducted in the Flushing section, in the borough of Queens, city of New York. Upon the organization of the business in 1944, an agreement between these stockholders and the corporation was made, and in pursuance of its terms the plaintiff has devoted himself exclusively to the interests of the business, while the individual defendants remained inactive. In 1947, a further agreement was made between the three individuals and the corporation, which contained a covenant restricting the individuals from engaging in any business similar to that of the corporation, so long as such parties continued to be stockholders. Thereafter, in 1949, the individual defendants, together with a valued employee of the corporation, entered into another retail business, the nature of which was the sale of furniture and some appliances in Parsippany, New Jersey. The judgment under review has granted the plaintiff an injunction restraining the individual defendants from engaging in any business similar to that of the corporation, and particularly from engaging in the business at Parsippany; and also directs these defendants specifically to perform the 1947 agreement. In addition, it dismisses the counterclaim of the defendants, which sought an injunction and specific performance against the plaintiff, likewise with respect to the restrictive covenant. Judgment affirmed, with costs.. No opinion. Nolan, P. J., Adel, Sneed and Wenzel, JJ., concur; Johnston, J., dissents and votes to reverse the judgment and dismiss the complaint, with the following memorandum: The restrictive covenant, while limited in time, was unlimited in territory. Such a covenant may be enforced insofar as it is necessary to protect plaintiff from competition by defendants. (Goldstein v. Maisel, 271 App. Div. 971, and cases therein cited.) The rule is the same whether the person by whom the covenant is made leaves the business, or whether it is to operate during the continuance of the business. (Restatement, Contracts, § 516, s'ubd. [d].) Here there was no competition with plaintiff by the New Jersey store.